United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEWPARK MALL LLC,
Plaintiff,

v.

CRGE NEWPARK MALL, LLC, et al.,
Defendants.

Case No. 15-cv-00817-MEJ

**ORDER RE: MOTION TO SET ASIDE DEFAULT**

Re: Dkt. No. 14

Plaintiff NewPark Mall filed this breach of contract case against Defendants CRGE NewPark Mall and Boomtown Entertainment on February 23, 2015. Less than six weeks later, Plaintiff requested that the Clerk of Court enter default against both Defendants for failure to timely respond. Dkt. No. 11. The Clerk entered default on April 7, 2015, after which Plaintiff filed a Motion for Default Judgment by the Clerk, which remains pending. Dkt. Nos. 12, 13. Defendants have now filed a Motion to Set Aside Default. Dkt. No. 14.

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party demonstrates "good cause." *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any

doubt in favor of setting aside the default. *Mendoza*, 783 F.2d at 945-46. The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so. *TCI*, 244 F.3d at 696.

As it is preferable to focus on the merits of a case, the Court hereby VACATES the briefing deadlines and June 25, 2015 hearing for Defendants' motion. The Court ORDERS the parties to meet and confer to determine whether they can reach an agreement to set aside default. Given that this case is in the early stages of litigation and a cursory review of Defendants' motion shows that they can likely establish good cause to set aside default, the Court advises Plaintiff that it is likely to grant Defendants' motion. The parties shall meet and confer by May 8, 2015, and thereafter file either a stipulation to set aside default or a request to place Defendants' motion back on calendar by May 13, 2015.

**IT IS SO ORDERED.**

Dated: April 30, 2015

______________________________
MARIA-ELENA JAMES
United States Magistrate Judge